IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD SIMMONS,

    Plaintiff,

vs.                        CIVIL ACTION NO.: CV213-094

KENDALL L. SHAW; FNU LINDSEY;
FNU BEVERLY; R. MYERS; and
NUK, Case Manager,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement while he was housed at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Shaw sexually assaulted/harassed him on May 18, 2007. Plaintiff also asserts that, because he resisted Defendant Shaw's actions, Defendant Shaw filed a false disciplinary action against him. Plaintiff alleges that he was found guilty of this false charge, and he was sentenced for charges not included in the incident report. According to Plaintiff, these actions violated his right to due process. Plaintiff contends that he filed an administrative tort claim against Defendant Shaw on November 7, 2007. Plaintiff appears to contend that what occurred during the disciplinary proceedings revealed that Defendants retaliated against him for filing the tort claim against Defendant Shaw. Plaintiff avers that a mailroom staff member informed him in October 2010 that a piece of mail which was sent to him (Plaintiff) was being returned to the sender because staff could not inspect this piece of mail. Plaintiff

2

asserts that, in February 2011, Defendant Shaw told him that he should drop the complaint he made against Defendant Shaw. Plaintiff also asserts that he refused to do so, and the next day, he was informed that this piece of mail which was to be returned to the sender contained a handcuff key. Plaintiff contends that he was transferred to another institution on a disciplinary transfer, even though there was no incident report written. Plaintiff believes that he was transferred based on retaliation because of the sexual harassment complaint he filed against Defendant Shaw. Plaintiff began the administrative remedies procedures on June 22, 2011. (Doc. No. 1, p. 16).

"A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

In addition to Defendant Shaw, Plaintiff names as Defendants: Officer Lindsey, Mr. Beverly, R. Myers, and an unknown case manager. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff fails to make any factual allegations against Defendants Officer Lindsey, Mr. Beverly, R. Myers, or an unknown case manager, and Plaintiff's claims against these Defendants should be **DISMISSED**.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison officials' actions were "the result of his having filed a grievance [or lawsuit] concerning the conditions of his imprisonment." Id.

In Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005), the Eleventh Circuit noted that, "[t]o state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." The second prong of this test was at issue in Bennett. The Eleventh Circuit adopted an objective standard when evaluating this prong, in accord with other Circuits, and held that "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id. at 1254.

AO 72A
(Rev. 8/82)

There is nothing before the Court which indicates that Plaintiff was deterred in exercising his First Amendment rights. To the contrary, by Plaintiff's own admissions, he refused to drop his sexual harassment complaint against Defendant Shaw. Additionally, Plaintiff states that he filed administrative remedy requests, and he included these requests with his Complaint. Moreover, Plaintiff filed this cause of action (even though he is no longer housed at FCI Jesup). Plaintiff has not shown that he, as a person of ordinary firmness, was deterred in exercising his First Amendment rights. Further, there is too much of a temporal gap between Plaintiff's protected activity and the alleged retaliatory actions to establish a sufficient causal connection. Bailey v. Hughes, No. 1:10-cv-689-MEF, 2011 WL 4542721, at *19 (M.D. Ala. Sept. 30, 2011) (a three-year gap between the protected activity and adverse action too great to establish causal connection); Sweet v. Boyd, No. 407-cv-00484-MP-AK, 2010 WL 940360, at *1 (N.D. Fla. Mar. 12, 2010) (seven-month gap between protected activity and adverse action insufficient to establish causal link between the two events); and Smith v. Bell, No. 06-60750 CIV, 2008 WL 868253, at *2 (S.D. Fla. Mar. 31, 2008) (eighteen-month period between protected activity and adverse action does not meet the causal connection requirement). Plaintiff's protected activity occurred in 2007, and the next specific event he mentions occurred in 2010.

To the extent Plaintiff contends that the disciplinary process which occurred was retaliatory, he cannot sustain his cause of action. The statute of limitations applicable to 42 U.S.C. § 1983 actions applies to Bivens claims. Walker v. United States, 196 F. App'x 774, 776 (11th Cir. 2006). Constitutional claims brought pursuant to section Bivens "are tort actions, subject to the statute of limitations governing personal injury

actions in the state where the [Bivens] action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Thus, Plaintiff's claims are not timely.

Even if the Court were to consider the events of October 2010 and February 2011 as triggering the statute of limitations period, Plaintiff's claims are still barred. 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter v. Nussle, 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524; Booth v. Churner, 532 U.S. 731, 732 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an

AO 72A
(Rev. 8/82)

inmate is required to seek an informal resolution of an issue. 28 C.F.R. § 542.13(a). If an informal resolution cannot be had, the inmate can file a grievance with the Warden ("BP-9"), and the Warden has 20 days to respond. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director ("BP-10") within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons ("BP-11") within 30 calendar days of the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18; Conklin v. Hastings, CV213-12 (Doc. No. 25, pp. 3–4; Doc. No. 34). "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred." 28 U.S.C. § 542.14(a). Plaintiff began the administrative remedy process on June 22, 2011, for events which occurred no later than February 2011. Plaintiff did not properly exhaust his administrative remedies, and his Complaint should be **dismissed** for this reason, too.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 8th day of April, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)